UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| WAAHID K. JAYE, | 18 U.S.C. §§ 922(a)(6) and 924(a)(2) |
| Defendant. | 21 U.S.C. § 841(a)(1) & (b)(1)(C) |
| | 18 U.S.C. §§ 922(g)(1) and 924(a)(8) |
| | 18 U.S.C. § 1704 |
| | 18 U.S.C. § 1708 |
| | FORFEITURE ALLEGATIONS |

THE GRAND JURY CHARGES:

## COUNT 1
### (False Statement During Attempted Purchase of a Firearm)

On or about February 25, 2024, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, in connection with the attempted acquisition of a firearm—specifically, a Glock, Model G43, 9mm pistol (S/N: BFCF561)—from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the said firearm to the defendant, in that the defendant executed an ATF Form 4473, Firearms Transaction Record, to the effect that he had never been convicted of a felony offense, when, in fact, as the defendant then knew, he had been convicted of one or more felony offenses.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 2
**(Possession with Intent to Distribute Cocaine Base)**

Beginning on or about April 24, 2024, and continuing through and including May 10, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), its salts, optical and geometric isomers, and the salts of isomers, a Schedule II controlled substance.

**In violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(C).**

## COUNT 3
**(Possession with Intent to Distribute Cocaine)**

Beginning on or about April 24, 2024, and continuing through and including May 10, 2023, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and the salts of isomers, a Schedule II controlled substance.

**In violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(C).**

## COUNT 4
**(Felon in Possession of a Firearm)**

Beginning on or about April 24, 2024, and continuing through and including May 10, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms—specifically: (1) a Glock, Model 20, 10mm pistol (S/N: BWHK955); and (2) a Ruger, Model LCP, .380 caliber pistol (S/N: 372542388)—and the firearm(s) were in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT 5
**(Unlawful Possession of a U.S. Postal Service Key)**

Beginning on or about April 24, 2024, and continuing through and including May 10, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, knowingly and unlawfully possessed a key to any lock box, lock drawer, or other authorized receptacle for the deposit or delivery of mail matter— specifically, a United States Postal Service "Arrow Key" (S/N: 98-28434)—with the intent to unlawfully and improperly use, sell, and otherwise dispose of the key and to cause the key to be unlawfully and improperly used, sold, or otherwise disposed of.

In violation of 18 U.S.C. § 1704. *mjc*

3

## COUNT 6
### (Possession of Stolen Mail)

Beginning on or about April 24, 2024, and continuing through and including May 10, 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **WAAHID K. JAYE**, unlawfully possessed approximately 374 pieces of mail matter and articles and things contained therein which had been stolen and taken from the United States Mail, knowing the same to have been stolen and taken.

**In violation of 18 U.S.C. § 1708.**

## FORFEITURE ALLEGATION A
### (Drug Proceeds)

The allegations of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 21 U.S.C. § 853(a)(1) and (2).

Upon conviction of any of the offenses from Counts 2-3, the defendant, **WAAHID K. JAYE**, shall forfeit all right, title, and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s).

Substitute Assets: If any of the forfeitable property described above, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;
b. Has been transferred or sold to, or deposited with, a third party;
c. Has been placed beyond the jurisdiction of the Court;
d. Has been substantially diminished in value; or

   e.  Has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property.

**Forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

### FORFEITURE ALLEGATION B
### (Firearms and Ammunition)

The allegations of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of any of the offenses alleged in Counts 2-6, the defendant, **WAAHID K. JAYE**, shall forfeit to the United States any firearms or ammunition involved or used in such offense(s), including, but not limited to the following: (1) a Glock, Model 20, 10mm Pistol (S/N: BWHK955); (2) a Ruger, Model LCP, .380 caliber Pistol (S/N: 372542388); and (3) any associated ammunition.

**Forfeiture notice pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

5

## FORFEITURE ALLEGATION C
### (Mail Theft Proceeds)

The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offense alleged in Count 6, the defendant, **WAAHID K. KAYE**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

Substitute Assets: If any of the forfeitable property described above, as a result of any act or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;
   b. Has been transferred or sold to, or deposited with, a third party;
   c. Has been placed beyond the jurisdiction of the Court;
   d. Has been substantially diminished in value; or
   e. Has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property.

Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

s/Foreperson
Foreperson

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

*[signature]*

**NOAH R. LITTON (0090479)**
**ELIZABETH A. GERAGHTY (0072275)**
Assistant United States Attorneys

6